UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

ELIZABETH FALK,

    Plaintiff,

vs.                                                      Case No:  3:22-CV-00535

FLEET FARM LLC and
EMC PROPERTY & CASUALTY
COMPANY,

    Defendants,

ANTHEM BLUE CROSS BLUE SHIELD,

    Subrogated Defendant.

## DEFENDANT'S PROPOSED MOTIONS IN LIMINE

Defendant Fleet Farm LLC, by its attorneys, Crivello, Nichols & Hall, S.C., respectfully move the Court, the Honorable William Conley presiding, for the following orders *in limine*:

1.    Preluding any argument based upon the Golden Rule, or any similar suggestion that the jurors put themselves in Plaintiff's place, or "walk a mile in the plaintiff's shoes" because the same is an improper appeal to passions and sympathies. *United States v. Roman*, 492 F.3d 803, 805 (7th Cir. 2007). Additionally, any argument like "no one would go through what the plaintiff has for any amount of money" should be similarly barred.

Similarly, the Reptile Theory argues a plaintiff's attorney goal in trial is to tap into the "reptilian" survival portion of the jurors' brains and appeal to their own concerns of safety and self-interest. This technique encourages the jury to decide a lawsuit based upon fear that a verdict in favor of the defendant will harm the safety of the community and, in turn, the jurors. The

theory is based upon purported scientific studies of the human "reptilian" brain, which functions to keep its genes alive and spread them to future generations. The basic tenet of the Reptilian Theory is described as follows:

> When it comes to survival, logic is subservient to the reptile. When the two conflict, logic either adapts to the reptile's needs or is ignored. When people make survival-related decisions, they obey the reptile—not logic, emotion, intuition, or abstract notions such as justice. And the reptile's imperative is that safer—even just a little safer—is the only acceptable choice.

David Ball, *Damages and the Reptilian Brain* (Am. Assoc. For Justice, 2009). Thus, when the reptilian brain perceives a survival danger, even a small one, "she protects her genes by impelling the juror to protect himself and the community." *Id*. at 17, 19, 73.

These types of arguments will mislead and confuse the jury on the proper standards under which to consider the actual evidence offered at trial, and therefore any probative value of such arguments are substantially outweighed by the prejudice of the arguments. *See* Wis. Stat. § 904.03.

Another relative of the Golden Rule and Reptile Theory arguments is the argument that asks the jury to "send a message." These arguments are often based on the threat of harm related to the alleged conduct of the defendants, again impermissibly playing to the safety and self-interest of the jury and ask the jury to "send a message" to the defendants and others like the defendants that this type of action will not be tolerated. Like the Golden Rule and Reptile Theory arguments, asking a jury to "send a message" impermissibly attempts to suggest to the jury that it should consider factors other than the evidence at trial to arrive at a verdict, and such arguments have been held to be improper. *State v. Draize,* 88 Wis.2d 445, 454, 276 N.W.2d 784 (1979).

These and similar arguments should be precluded, and plaintiffs' counsel should be instructed not to offer or reference them whatsoever.

2. Precluding Plaintiff from testifying about her specific understanding of the law, her opinion of which would be unhelpful to the trier of fact in violation of Fed. R. Civ. P. Rule 701 and a waste of time in violation of Fed. R. Civ. P. Rule 403; or, in the alternative, Fleet Farm requests that the Court instruct jurors on the proper legal standard applicable to various statements.

3. Sequestering any non-party witnesses from the courtroom. Such relief is warranted under Fed. R. Evid. 615 and will help ensure the authenticity of the witnesses' testimony.

4. Precluding Plaintiff from presenting any evidence relating to the fact that Defendants may be covered by insurance in this case, pursuant to Fed. R. Evid. 403 and 411.

5. Barring any party from calling any witness not previously disclosed, including expert witnesses.

6. Precluding the use of or reference to any exhibit not filed or disclosed pursuant to the Court's Preliminary Pretrial Conference Order (Dkt. 9), except those exhibits that may be used for impeachment purposes.

7. Precluding Plaintiff from seeking to recover damages from any injury not disclosed in response to discovery requests and to preclude use of or reference to any document or exhibit requested in discovery and not disclosed pursuant to the scheduling order.

8. Confining expert testimony to opinions disclosed in Plaintiffs' medical records and deposition testimony. Expert witness testimony that has not been disclosed, testified to, or otherwise allowed by prior order should be barred. Any expert witnesses offering opinions that differ from those given in their expert reports is prohibited pursuant to Fed. R. Evid. 403 and 702. The objective of pretrial discovery is to establish a procedure that results in an informed

resolution of a controversy. *Meunier v. Ogurek*, 140 Wis. 2d 782, 790, 412 N.W.2d 155 (Ct. App. 1987). Pretrial discovery is "designed to formulate, define and narrow the issues to be tried, [and to] increase the chances for settlement." *Id*. Not only would evolving expert testimony make the case a moving target, but it would frustrate the purpose of pretrial discovery. As such, to the extent that any of the plaintiffs' experts have undisclosed opinions or opinions that differ from their reports, the Court should preclude such testimony from being offered at trial.

9. Precluding Plaintiff from testifying that the forks on the forklift was a substantial factor and proximate cause of her accident. Plaintiff's Complaint is premised on a negligence theory of liability. To establish a negligence claim, plaintiff must prove a causal connection between defendant's negligence and plaintiff's injury. *Smaxwell v. Bayard*, 2004 WI 101 ¶ 32, 274 Wis.2d 278, 682 N.W.2d 923 (citing *Gritzner v. Michael R.*, 2000 WI 68, ¶ 19, 235 Wis.2d 781, 611 N.W.2d 906). The Wisconsin test for causation is "whether the defendant's negligence was a substantial factor in producing the injury." *Clark v. Leisure Vehicles, Inc.*, 96 Wis.2d 607, 617, 292 N.W.2d 630 (1980). Ms. Falk is unable to establish a negligence cause of action against Fleet Farm LLC because she cannot prove that any negligence by Fleet Farm LLC or its employees was a substantial factor and proximate cause of the injuries and damages suffered by her.

At several points in Ms. Falk's deposition, she testified that she does not know how the fall occurred:

> Q Something caused you to fall?
> **A Correct.**
> Q So do you think you would have moved and tripped over the forks, or do you think he moved the forks into you?
> **A I don't know.**
>
> \*\*\*

4

> Q Is it your testimony you tripped over the Forks?
> **A I don't know.**
>
> \*\*\*
>
> Q So describe for me when you trip, do you trip over the fork?
> **A I don't recall.**

(Meyer Decl., ¶ 3, Ex. A at 44:21-24; 45:16-17; 46:21-23). Due to Ms. Falk's uncertainty as to what caused her to fall, any testimony she provides about what caused the accident is purely speculative. If there is no credible evidence upon which the trier of fact can base a reasoned choice between two possible inferences of liability or nonliability, any finding of causation would be in the realm of speculation and conjecture. *Merco Distributing Corp. v. Commercial Police Alarm Co.*, Inc. 84 Wis.2d 455, 460, 267 N.W.2d 652, 655 (1978) (citing *Rodenkirch v. Johnson*, 9 Wis.2d 245, 248, 101 N.W.2d 83 (1960). A jury cannot determine disputed questions of fact from mere speculation or conjecture. *Larson v. Splett*, 267 Wis. 473, 480, 66 N.W.2d 181 (1954).

Further, based on testimony from the two Fleet Farm LLC employees present at the time of the fall, Kurt Grajkowski and Samuel Collins, and Ms. Falk's husband, Daniel Falk, it appears no one knows what caused her to trip. When asked whether he remembers a customer tripping and falling on a forklift on September 14, 2019, Kurt Grajkowski testified, "I remember a customer tripping, but I don't recall – I can't say that they tripped on the forks or any other part of the forklift." (Meyer Decl., ¶ 4, Ex. B at 32:11-15). He did not see the incident occur because he "wasn't looking at the customer when she fell down." *Id*. at 32:16-18. Samuel Collins also testified that he does not know how she fell because he did not witness it happen. (Meyer Decl.,

¶ 5, Ex. C at 47:19-20; 48:11-12). Finally, Daniel Falk did not see his wife fall and therefore has no knowledge of how it happened. (Meyer Decl., ¶ 6, Ex. D).

Again, without any credible evidence as to the cause of Ms. Falk's fall, any testimony that the forks on the forklift caused the accident is purely speculation and without proof of a causal connection between the forklift and Ms. Falk's injuries, Plaintiff fails to establish a claim of negligence against Fleet Farm LLC. Plaintiff should therefore be precluded from testifying that the forks on the forklift was a substantial factor and proximate cause of her accident.

Defendant Fleet Farm reserves the right to add and/or amend these motions *in limine* based on any further discovery.

Dated this 15th day of September, 2023.

                **CRIVELLO, NICHOLS & HALL, S.C.**
                Attorneys for Fleet Farm LLC

                By: *s/Brianna J. Meyer*_____
                      JEFFREY T. NICHOLS
                      State Bar No: 1001631
                      BRIANNA J. MEYER
                      State Bar No: 1098293
                      710 N. Plankinton Avenue, #500
                      Milwaukee, WI 53203
                      Telephone: 414-271-7722
                      E-Mail: jnichols@crivellolaw.com
                              bmeyer@crivellolaw.com