IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ELIZABETH FALK,

        Plaintiff and
        Counter Defendant,

    v.

FLEET FARM LLC,
and EMC PROPERTY & CASUALTY
COMPANY,

        Defendants and
        Cross Defendants

    v.

ANTHEM BLUE CROSS BLUE SHIELD,

        Defendant, Counter Claimant,
        and Cross Claimant.

OPINION AND ORDER

22-cv-535-wmc

---

Illinois resident Elizabeth Falk alleges that while she was shopping at Fleet Farm in Deforest, Wisconsin, on September 14, 2019, an employee drove a forklift too close to her, causing her to trip, fall and injure her knee. Falk originally sued Fleet Farm and its insurer for common law negligence in state court, but defendants removed to this court on diversity grounds. The case is now set for a jury trial beginning on October 23, 2023. In anticipation of the final pretrial conference ("FPTC") scheduled for October 12 at 2:30 p.m., this order addresses plaintiff's unopposed motion for an order taking judicial notice of a certain fact (dkt. #38), as well as the parties' motion in limine (dkt. ##23, 34, 41).

OPINION

I.  **Plaintiff's motion for an order taking judicial notice of a certain fact (dkt. #38.)**

Plaintiff moves the court to take judicial notice of the fact that a 58-year-old female has a life expectancy of an additional 25.4 years based the United States Life Tables. (Dkt. #38-1.) Because that motion is unopposed (dkt. #40), it will be GRANTED.

II. **Defendants' motions in limine (dkt. #23)**

1. **Preclude any "reptile theory" or golden rule arguments, or arguments that ask the jury to "send a message."**

Plaintiff does not oppose the motion as it relates to "golden rule" or "send-a-message" arguments, so that portion of the motion will be GRANTED as unopposed. However, as explained in previous cases, this court generally does not grant broad and ill-defined motions to preclude so-called "reptile theory" arguments. *See Berry v. Wisconsin Central Ltd.*, 2022 WL 3576203, at *8 (W.D. Wis. August 19, 2022) (motion to exclude questioning based on "reptile theory" is "broad and ill-defined" and can be best dealt with at trial). Since defendant's motion regarding "reptile theory" falls into that category, that motion will be DENIED, except that neither side may ask questions or arguments inconsistent with the common law negligence claim actually being decided by the jury.

2. **Precluding plaintiff from testifying about her specific understanding of the law.**

Consistent with the above, this motion will be GRANTED as unopposed and is applicable to all witnesses.

2

3. **Sequestering non-party witnesses from the courtroom.**

This motion will be GRANTED as unopposed with the understanding that this ruling applies to all non-party witnesses and defendants' testifying employees, except for the designated corporate representative and retained experts.

4. **Precluding plaintiff from presenting evidence relating to the fact that defendant may be covered by insurance.**

This motion will be GRANTED as unopposed, although this presumably means the case caption will have to be altered to reflect a single plaintiff and defendant for purposes of trial, something the parties can address at the FPTC.

5. **Precluding any party from calling any witness not previously disclosed, including expert witnesses.**

Plaintiff is not opposed to this motion as it relates to expert witnesses, so that portion of the motion will be GRANTED as unopposed. However, plaintiff seeks to call Mike Radl adversely, who plaintiff identified as the head of safety at Fleet Farm after the close of discovery and has not yet been able to depose. The court will RESERVE its ruling on this portion of the motion pending further discussion with the parties at the FPTC.

6. **Precluding any party from using exhibits not previously disclosed.**

This motion will be GRANTED as unopposed assuming "using" is limited to "seeking the admission" of undisclosed exhibits, as opposed to use of agreed upon demonstrative exhibits, if any, or use for purposes of refreshing recollection or impeachment.

> 7. **Precluding plaintiff from seeking to recover damages from any injury not disclosed in discovery or any party from using documents not disclosed in discovery.**

Plaintiff agrees not to assert damages for an injury not disclosed in discovery or to offer any documents into evidence other than those on her exhibit list or what may be necessary to refresh witness recollection or to impeach. With those caveats, the motion will, therefore, be GRANTED IN PART as unopposed.

Plaintiff also notes that defendant disclosed as trial exhibit 517 photographs of Fleet Farm that were not disclosed in response to plaintiff's applicable discovery requests for such photographs. Plaintiff does not object to the exhibit, but "does not believe it would be proper to enter an order prohibiting only one party from using documents not disclosed in discovery, while permitting another party to do so." (Dkt. #43 at 3.) The court agrees with this limitation on use by either party regarding *any* exhibit for which disclosure was required before trial, but will DENY IN PART as moot this portion of the motion.

> 8. **Precluding plaintiff's expert from testifying about new opinions**

Defendant seeks to prevent plaintiff's expert from testifying about "undisclosed opinions or opinions that differ from [the] reports." (Dkt. #23 at ¶ 8.) Plaintiff agrees that her expert will not offer any new areas of opinion, so the motion is GRANTED with the general caveat that *both* sides' expert witnesses may not, of course, testify to opinions and basis of opinions unless included in their reports.

9. **Precluding plaintiff from testifying that the forklift was a substantial factor and proximate cause of her accident.**

Defendant argues that plaintiff will not be able to testify that any negligent act by defendant Fleet Farm or its employees was a substantial factor and proximate cause of her injuries, having testified at her deposition that she does not know how the fall occurred. This motion is DENIED, except that plaintiff must disclose in advance of trial if her testimony has changed and will be inconsistent with her sworn deposition. The parties do not dispute that a forklift was near plaintiff at the time of the incident, and she testified at her deposition that after her fall, she was laying over its forks. (Dkt. #43-1 at 12:10-12.) Plaintiff and any other witness to the incident may testify as to what they recall or do not recall about it and how plaintiff fell, subject to cross-examination, including proper impeachment.

10. **Precluding exhibits related to Fleet Farm's policies and procedures implemented after the date of the accident as subsequent remedial measures (dkt. #41).**

Defendant seeks to exclude Fleet Farm policies and procedures that plaintiff has disclosed as trial exhibits 10-12 (dkt. #50 at 1), which it purports to have implemented after the date of the underlying incident. Federal Rule of Evidence 407 bars evidence of subsequent remedial measures to prove negligence, culpable conduct, a product or design defect, or a need for a warning or instruction. One of the reasons for this rule is to encourage added safety measures without fear that such measures will be used against a defendant in a negligence action. In opposition to this motion, plaintiff notes that defendant identified Farm Fleet policies and procedures implemented after the date of the

5

incident in its own list as exhibits 510 and 513. (Dkt. #28.) Plaintiff also argues that: there is no evidence that the new policies and procedures were remedial; and she wishes to use these documents to establish that Farm Fleet employees had certain duties regarding forklift safety, as well as to prove the feasibility of a remedial measure, if contested, which would be permitted under Rule 407. Although these changes in policy appear to be remedial in nature, and thus the change would only be admissible *if* defendant intends to dispute their feasibility, the court will RESERVE its ruling on this motion until it can further address with the parties at the FPTC how these policies and procedures are relevant at a negligence trial.

III. **Plaintiff's motions in limine (dkt. #34)**

1. **Precluding defendants from offering any evidence of any collateral source payments of any nature whatsoever including payments by plaintiff's health insurance.**

This motion will be GRANTED as unopposed.

2. **Precluding evidence of plaintiff tripping on a curb in 2020.**

Plaintiff tripped and fell on a curb in January 2020 and had an MRI performed in February 2020 showing meniscal tearing. She argues that her 2019 fall at Fleet Farm caused both this tearing and a previously diagnosed right patellar fracture and seeks an order prohibiting any evidence of her January 2020 fall as more prejudicial than probative under Federal Rule of Evidence 403 because such evidence may suggest that there are alternative causes of her injuries when all expert witnesses agree that there is not. Defendant objects, arguing that plaintiff is asking the jury to consider MRI results without

6

knowing the MRI was conducted after an additional fall, and that defendant's expert refused to opine as to the applicability of the 2020 fall to the previously sustained injuries, not that the second fall did not exacerbate the original injuries. At least the latter opinion appears relevant, but the court will RESERVE its ruling on this motion for further argument on this issue at the FPTC.

> 3. **Precluding testimony or argument regarding unknown and identified medical records.**

This motion will be GRANTED as unopposed.

> 4. **Precluding testimony and argument that plaintiff's actions are driven by secondary gain.**

Plaintiff seeks to preclude testimony and argument that her medical treatment and other actions are driven by "secondary gain" under Rule 403, because there is no dispute she was injured and "no testimony in this case from a psychologist or any other expert that secondary gain is an issue." (Dkt. #34 at 5.) The motion will be DENIED. Evidence that plaintiff may have extrinsic motivation for exaggerating her ailments goes directly to plaintiff's credibility, which is a commonsense determination for the jury to make. To bar defendant from even suggesting that plaintiff may be exaggerating her symptoms would amount to a court-imposed credibility determination in plaintiff's favor. *See Berry v. Chicago Transit Authority*, 618 F.3d 688, 691 (7th Cir. 2010) (noting that credibility determinations are tasks for the factfinders).

> 5. **Allowing a modified Wisconsin civil jury instruction 1500 to be read to the jury at trial that reflects that causation applies to plaintiff's injuries.**

This motion will be GRANTED as unopposed.

7

To the extent these MIL rulings above fail to address any of the parties' express concerns, both sides' questions will be governed by the Federal Rules of Evidence. Moreover, if either side believes that the court's rulings or counsel's questions or arguments depart from those rules and standards to mislead the jury, they may object at the FPTC.

ORDER

IT IS ORDERED that:

1) Plaintiff's motion to take judicial notice (dkt. #38) is GRANTED.

2) The parties' motions in limine (dkt. ##23, 34, 41) are GRANTED in part, DENIED in part, and RESERVED as set forth above.

Entered this 6th day of October, 2023.

                          BY THE COURT:

                          /s/

                          _____
                          WILLIAM M. CONLEY
                          District Judge